IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3221-D

| | |
|---|---|
| C. KEITH LAMONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| TRACY JOHNS, | ) |
| | ) |
| Defendant. | ) |

On December 28, 2010, C. Keith Lamonda ("Lamonda" or "plaintiff"), proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Lamonda seeks leave to proceed in forma pauperis [D.E. 2]. On February 9, 2011, Lamonda filed an amended complaint as directed by the court [D.E. 9]. Plaintiff has filed three motions seeking a temporary restraining order and/or preliminary injunction [D.E. 3, 6, 13]. As explained below, the court dismisses the action as frivolous, and denies plaintiff's motions.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is

flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

Lamonda is incarcerated at the Federal Correctional Institution -Medium II in Butner, North Carolina ("FCI-Butner"). See Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/Inmate FinderServlet?Transaction=IDSearch&IDType=IRN&IDNumber=26060-01 (last visited May 24, 2011). When Lamonda filed this action, he was incarcerated at the Low Security Correctional Institution at Butner ("LSCI-Butner"). Am. Compl. 2. Lamonda "challenges the Federal Bureau of Prisons . . . under the direct control of Warden Johns decision to place him in 'Inmate Financial Responsibility Program (IFRP) refuse' status and by sanctioning him for failing to make the payments required . . . via IFRP." Id. at 6. Lamonda asserts that he suffers retaliation for refusing to participate in the IFRP and for "challenging [BOP staff] actions under the IFRP." Id. at 6–7. Lamonda also asserts that he is housed "in high traffic areas under 24/7 intense lighting and loud noise conditions causing sleep deprivation and unwarranted stress" in violation of his constitutional rights under the Eighth Amendment. Id. at 6. Finally, Lamonda asserts that, "once staff learned plaintiff was attempting to file this complaint they immediately, without notice or a hearing" placed him in disciplinary segregation and ultimately transferred him from LSCI-Butner to FCI-Butner "even though he has done nothing to justify such a transfer." Id. at 6–7. Lamonda names Warden Tracy Johns as the sole defendant. Id. at 2.

To the extent Lamonda claims that sanctions for his refusal to participate in the IFRP program violate his constitutional rights, this claim fails. Sanctions for refusal to participate in the IFRP are not punitive because the IFRP is reasonably related to the legitimate government objective of rehabilitation, and therefore do not violate due process. See, e.g., Johnpoll v. Thornburgh, 898

2

F.2d 849, 851 (2d Cir. 1990) (per curiam); McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999).

Thus, the court dismisses Lamonda's claim concerning the IFRP program.

To the extent that Lamonda asserts a constitutional claim for retaliation, the United States

Court of Appeals for the Fourth Circuit has stated that

> in forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive [frivolity review]. To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation. This would pose particular problems in the context of prison administration. Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct. The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in . . . penal institutions.

Adams, 40 F.3d at 74. To survive frivolity review, Lamonda "must allege either that the retaliatory

act was taken in response to the exercise of a constitutionally protected right or that the act itself

violated such a right." Id. at 75. Lamonda's allegations fail to allege that any defendant infringed

any constitutionally protected right. A prisoner has no right to a specific custody classification, to

a transfer, to a non-transfer, or to work release. See, e.g., O'Bar v. Pinion, 953 F.2d 74, 82–83 (4th

Cir. 1991). Additionally, Lamonda presents nothing more than naked assertions of retaliation.

Accordingly, the court dismisses Lamonda's retaliation claim as frivolous.

To the extent that Lamonda challenges his conditions of confinement as violating the Eighth

Amendment, Lamonda's conclusory allegations fail to state a claim. "In order to make out a prima

facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a

serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on

the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation

omitted). The Supreme Court has explained that the first prong is an objective one — the prisoner

3

must show that "the deprivation of the basic human need was objectively 'sufficiently serious'" — and the second prong is subjective — the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" Id. (alteration in original) (emphasis removed) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See Helling v. McKinney, 509 U.S. 25, 36 (1993); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). Lamonda's conclusory statement that he is confined "in non approved housing in high traffic areas under 24/7 intense lighting and loud noise conditions causing sleep deprivation and unwarranted stress," Am. Compl. 6, fails to allege either an objectively sufficiently serious deprivation of a basic human need or deliberate indifference to any such need on the part of any prison official.

Moreover, Lamonda names Warden Johns as the sole defendant in this action. "In a . . . Bivens action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Lamonda offers no hint of John's personal involvement, other than a conclusory assertion that he was placed in IFRP refusal status "under the direct control of Warden Johns decision." Am. Compl. 6. Accordingly, Lamonda has failed to state a claim against Johns.

As for Lamonda's motions for a temporary restraining order and preliminary injunction, the substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is

4

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). The irreparable harm must be likely, not a mere possibility. Id. at 375.

Lamonda has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Lamonda has failed to meet his burden of proof. Accordingly, the court denies Lamonda's motions for a temporary restraining order and/or preliminary injunction.

In sum, plaintiff's complaint is DISMISSED as frivolous. Plaintiff's motions for a temporary restraining order and preliminary injunction [D.E. 3, 6, 13] are DENIED. The Clerk of Court shall close this case.

SO ORDERED. This **24** day of May 2011.

JAMES C. DEVER III
United States District Judge

5